IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MCDP PHOENIX SERVICES PTE. LTD.<br><br>**Plaintiff**<br><br>v.<br><br>FIRST FINANCIAL INTERNATIONAL BANK INC.; JOHN DOE; RICHARD ROE; CORPORATIONS X, Y AND Z; INSURANCE COMPANIES A, B AND C<br><br>**Defendants**<br><br>v.<br><br>OFFICE OF THE COMMISSIONER OF FINANCIAL INSTITUTIONS,<br><br>**Respondent**<br><br>v.<br><br>B HIGH HOUSE INTERNATIONAL PTE LTD,<br><br>**Interested Party** | **CIVIL NO.** 20-1538(RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is putative intervenor's B High House International, PTE, Ltd.'s ("BHHI") *Motion to Intervene and to Stay Proceedings as to Disbursal of Funds* ("*Motion to Intervene*"). (Docket No. 40). Plaintiff MCDP Phoenix Services PTE, LTD ("Plaintiff" or "MCDP") opposed the *Motion to Intervene*

("*Opposition*") and BHHI subsequently filed a reply to MCDP's *Opposition* ("*Reply*"). (Docket Nos. 51 and 60). Having reviewed the parties' submissions, the Court **DENIES** the motion to intervene and to stay proceedings for lack of subject-matter jurisdiction as explained below.

## I.  PROCEDURAL BACKGROUND

On October 8, 2020, MCDP filed suit against Defendant First Finance International Bank ("FFIB"), among other defendants ("*Complaint*"). (Docket No. 1). It averred that FFIB froze money in MCDP's account without prior written notice. Id. at 6. The freeze also affected inbound and outbound wire transfers to several of MCDP's clients and receiving entities. Id. at 5-6. As a result, MCDP had to make payments to its client and vendors to honor its commitments with them. Id. at 6. The *Complaint* includes the following causes of action against FFIB: 1) breach of contractual and fiduciary obligations; 2) negligence under article 1802 of the Puerto Rico Civil Code; 3) pre-judgment attachment pursuant to Fed. R. Civ. P. 64(B); and 4) costs and attorney's fees due to FFIB's temerity. Id. at 8-12. On November 20, 2020, FFIB filed its answer to the *Complaint*. (Docket No. 20).

On January 8, 2021, plaintiff-intervenor BHHI filed its *Motion to Intervene*. (Docket No. 40). Said motion states that there is an ongoing action in Singapore (the "Singapore case") between MCDP and BHHI where BHHI is alleging that MCDP and Michael

Carbonara ("Mr. Carbonara"), MCDP's sole shareholder, misappropriated $2,680,553.21 belonging to BBHI. Id. at 2, 5. This after MCDP, one of BBHI's processing agents entrusted to receive funds from third party customers, "fell into a pattern of making delayed and deficient deposits" to BHHI. Id. at 3-4. On May 4, 2020, the High Court of the Republic of Singapore issued a world-wide injunction and disclosure order for MCDP and Mr. Carbonara's assets and finances, including BHHI's funds, because it found there was a high risk that MCDP will dissipate its assets. Id. at 5. MCDP and Mr. Carbonara allegedly failed to disclose assets at FFIB and which BHHI has "compelling reasons to believe [...] were, in substantial part, funds that should have been paid to BHHI." Id. at 6-7.

BHHI moves to intervene because: 1) it claims to have a legally protected interest in the litigation; 2) disposition of the present case may impede its ability to protect its interest in the funds frozen by FFIB; and 3) FFIB does not adequately represent its interests. Id. at 11-12. Thus, BHHI argues it may intervene as a matter of right under Fed. R. Civ. P. 24(a) *or* as a permissive intervenor under Fed. R. Civ. P. 24(b). Id. at 9-13. It also requests a stay of the present suit pending the resolution of the Singapore case, because the latter is at a more advanced stage. Id. at 13-18. Furthermore, BHHI's *Complaint in Intervention*

requests declaratory judgment over the funds held by FFIB as well as the return of funds or property. (Docket No. 40-1 at 10-11).

On February 11, 2021, MCDP filed its *Opposition.* (Docket No. 51). Among other arguments, it posits that this Court lacks subject-matter jurisdiction over BHHI's claims because BHHI's *Complaint in Intervention* pleads the same case against MCDP, factually and legally, as in the pending Singapore case. Id. at 8. Hence, it avers that BHHI "impermissibly seeks to litigate a controversy between two foreign aliens." Id.

On February 26, 2021, BHHI filed a *Reply*. (Docket No. 60). It claims this Court has subject matter jurisdiction over the *Complaint in Intervention* because the complaint is "properly instituted" against FFIB, given that it is the custodian of the funds at issue. Id. at 3. Likewise, since BHHI has not "asserted any claims against MCDP, the suit is not between two foreign parties" and there is complete diversity. Id. In the alternative, it argues that BHHI can be deemed a defendant-intervenor without depriving the court of jurisdiction. Id. at 4.

## II. APPLICABLE LAW

### A. Diversity and Alienage Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *See* Camacho Ortiz v. Municipio de San Juan, 2021 WL 1202839, at *11 (D.P.R. 2021) (citation omitted). Congress has conferred district courts with original subject-matter jurisdiction in civil cases

between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (citing 28 U.S.C. § 1332). This diversity of citizenship must be complete. Id. Therefore "the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." Vitalife Inc. v. Keller Med., Inc., 2021 WL 424222, at *1 (D.P.R. 2021) (quotation omitted).

Turning to alienage jurisdiction, Congress also conferred the district courts with jurisdiction over civil actions between citizens of a state and citizens of foreign state. *See* 28 U.S.C. 1332(a)(2). However, there is no subject-matter jurisdiction over a civil action between a citizen of a state and an alien lawfully admitted for permanent residence in the United States and domiciled in that state. Id. Further limiting alienage jurisdiction, there is no subject-matter jurisdiction over a civil action solely between two aliens. *See* Hodgson v. Bowerbank, 3 U.S. 303, 304 (1809); Chavez-Organista v. Vanos, 208 F. Supp. 2d 174, 177 (D.P.R. 2002) ("[I]nasmuch as plaintiff on the one side and defendants on the other are aliens, the Court lacks jurisdiction over an action between these parties."); Eggs 'N Things Int'l v. ENT Holdings LLC, 2010 WL 5834799, at *7 (D. Haw. 2010), report and recommendation adopted, 2011 WL 676226 (D. Haw. 2011) (citing § 1332 and holding that "diversity jurisdiction does not include

suits between a foreign plaintiff and a foreign defendant[.]"). Lastly, as a leading Civil Procedure treatise explains, "[i]f both the plaintiff and the defendant are aliens, however, it is equally well-settled, as the numerous cases from all levels of the federal judiciary […] demonstrate, that Section 1332 does not apply and there is no alienage jurisdiction." 14A Arthur R. Miller, Federal Practice and Procedure § 3661 (4th ed. 2021).

### B. Supplemental Jurisdiction under 28 U.S.C. § 1367

Section 1367 confers district courts with supplemental jurisdiction over state-law claims if the federal court has original jurisdiction in the action and claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a). This supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties." Id. But even supplemental jurisdiction has limits.

Section 1367 recognizes situations in which courts **shall not** exercise supplemental jurisdiction. Subsection "(b)" of the statute states deprives the district courts of supplemental jurisdiction over claims by non-diverse putative intervenors seeking to intervene as plaintiffs:

> **(b)** In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, **the district courts shall not have supplemental jurisdiction under subsection (a)** over claims

Case 3:20-cv-01538-RAM   Document 69   Filed 05/17/21   Page 7 of 13

Civil No. 20-1538(RAM)                                                    7

> by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, **or over claims by persons** proposed to be joined as plaintiffs under Rule 19 of such rules, or **seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.**

28 U.S.C.A. § 1367(b) (emphasis added).

The District Court of Puerto Rico has also held that there is consensus by commentators and other courts that the phrasing of this subsection requires a "restrictive interpretation." Lennox Indus., Inc. v. Caicedo Yusti, 172 F.R.D. 617, 622–23 (D.P.R. 1997) (citation omitted). This means that "**supplemental jurisdiction is entirely precluded over claims by parties intervening in (or joined to) the action as plaintiffs**." Id. (citation omitted) (emphasis added).

### C. Realignment Doctrine

When determining the alignment of parties, courts have a duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." TC Invs., Corp. v. Becker, 733 F. Supp. 2d 266, 284 (D.P.R. 2010) (quotation omitted). Circuit Courts of Appeals have held that "under the 'realignment doctrine,' 'federal courts are required to realign the parties in an action to reflect their interests in the litigation. **The parties themselves cannot confer diversity jurisdiction upon the federal**

**courts by their own designation of plaintiffs and defendants**.'" St. Paul Fire & Marine Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 890 F.3d 1265, 1269 (11th Cir. 2018) (quoting City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (emphasis added). This means that "[w]hether the necessary collision of interest […] exists, is therefore not to be determined by mechanical rules." Lennox Indus., Inc., 172 F.R.D. at 623 (quoting Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941) (internal citations and quotations marks omitted). Instead, "it must be ascertained from the principal purpose of the suit […] and the primary and controlling matter in dispute." Id. The Supreme Court has also held that courts must try to find whether a party "is adverse by ascertaining 'the issue of antagonism on the face of the pleadings and by the nature of the controversy[.]" TC Invs., Corp., 733 F. Supp. 2d at 284 (quoting Smith v. Sperling, 354 U.S. 91, 93 (1957)). Lastly, to determine the applicability of the City of Indianapolis test, the First Circuit has held that courts must examine "'the primary and controlling matter in dispute,' […] and then determine whether any actual collision in interests remains." Lennox Indus., Inc., 172 F.R.D. at 624 (quoting U.S.I. Properties Corp. v. M.D. Const. Co., 860 F.2d 1, 4 (1st Cir. 1988)).

## III. DISCUSSION

**A. The Court lacks diversity and alienage jurisdiction over a civil action between BHHI and MCDP as both are citizens of Singapore and aliens.**

Here, MCDP contends that the Court lacks subject-matter jurisdiction over the alleged claims in BHHI's *Complaint in Intervention*. (Docket No. 51 at 8-10). MCDP is correct. BHHI, like plaintiff MCDP, is a citizen of Singapore. (Docket No. 40-1 at 2). This means that there is no complete diversity. It also means that the Court lacks alienage jurisdiction because it is a civil action between aliens MCDP and BHHI. Thus, the jurisdictional requirements of Section 1332 are not met for these two reasons.

**B. The Court lacks supplemental jurisdiction over BHHI's alleged claims as BHHI's interest are adverse to MCDP's and it is properly aligned as a plaintiff against the latter.**

The Court also lacks supplemental jurisdiction over BHHI's claims. According to its *Complaint in Intervention*, BHHI is attempting to intervene as a plaintiff under Fed. R. Civ. P. 24. (Docket Nos. 40 at 9-13; 41-1 at 1). Yet, Section 1367(b) expressly precludes the exercise of supplemental jurisdiction in these circumstances. *See* 28 U.S.C. § 1367(b). As noted above, this Section provides in the relevant part that there is no supplemental jurisdiction over claims by persons "seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Id. As shown

in the preceding section, actions by one alien against another are inconsistent with the requirements of 28 U.S.C. §1332.

Seeking to sidestep Section 1367(b), BHHI invites the Court to consider the prospect of allowing it to intervene as a defendant. (Docket No. 60 at 4). But the doctrine of realignment of parties forbids that maneuver as it requires parties to be aligned according to their real interests. *See* TC Invs., Corp., 733 F. Supp. 2d at 284. Here, **BHHI's interests are averse to MCDP's interests and not to FFIB's**. While the primary matter in dispute in MCDP's *Complaint* is FFIB's alleged breach of contractual duty and negligent behavior towards MCDP, the causes of action in BHHI's *Complaint in Intervention* center around BHHI's attempt to secure the return of funds that allegedly belong to it. (Docket No. 1 at 8-12; Docket No. 40-1 at 10-11). These are the same funds which BHII alleges that MCDP "obtained control over […] illegally, though breach of contract and fiduciary duty, and through fraud." (Docket No. 40-1 at 10-11). Furthermore, BHHI recognizes that its claims against MCDP, at least in its first cause of action, have been stated in the pending Singapore case. Id. at 11. Yet, it still argues that documents produced by FFIB, which this Court has not been privy to, supposedly "show that funds held at FFIB are linked, in part, to those funds owed to BHHI" and that BHHI has a "right to recover said funds in an amount" to be determined at trial. Id.

Moreover, BHHI has not properly asserted a case or controversy against FFIB. BHHI cannot attempt to claim that its *Complaint in Intervention* is against FFIB when it does not contain any allegations that FFIB had any duty to BHHI. The mere fact that FFIB has funds that allegedly belong to BHHI does not mean that it has a colliding interest with BHHI. Indeed, the two complaints at issue make plain that they do not share a common set of facts against FFIB. *See e.g.* Bautista REO PR Corp. v. Est. of Maldonado Morales, 2020 WL 6063252, at *3 (D.P.R. 2020) ("[c]laims are part of the same 'case or controversy' for the purposes of section 1367(a) if they 'derive from a common nucleus of operative fact' or 'are such that [they] ... would ordinarily be expected to [be] tr[ied] ... in one judicial proceeding.'" (quoting Penobscot Indian Nation v. Key Bank of Me., 112 F.3d 538, 564 (1st Cir. 1997) (alterations in original). BHHI therefore cannot bring its *Complaint in Intervention*, let alone claims for return of funds or a request for declaratory relief, because it will be bringing a suit between aliens.

BHHI's reliance on In Re Olympics Mills Corp. to persuade the Court that it could intervene as an intervenor-defendant is also misplaced. Therein, the First Circuit held that, in a case where the interests of a "dispensable, nondiverse" defendant arose *after* the action was commenced, "claims launched by necessary but dispensable, nondiverse defendant-intervenors do not defeat the

original jurisdiction (diversity) that [the court] obtained at the commencement of the action." In re Olympic Mills Corp., 477 F.3d at 12. However, **BHHI has failed to show it is a necessary but dispensable party nor has it shown that its interest in the funds at issue arose *after* the present suit was commenced**. If anything, the pending Singapore case shows that its interests in MCDP and Mr. Carbonara's assets, known or unknown, arose *before* the filing of the present suit. Therefore, the Court may only exercise jurisdiction over BHHI's claims if BHHI intervenes as a plaintiff and, as discussed above, there can be no jurisdiction over a civil action between two aliens.

Lastly, this Court "will not reach the merits of [BHHI's] request for permissive intervention [,]" intervention of right or the request for stay of the proceedings because this court lacks jurisdiction. Ricci v. Okin, 770 F. Supp. 2d 438, 442 (D. Mass. 2011) (deciding to not reach the merits of a intervenor's request for permissive intervention because it lacked standing to bring suit and the court lacked jurisdiction to see the case).

### IV. CONCLUSION

For the reasons stated, the Court **DENIES** the *Motion to Intervene and to Stay Proceedings as to Disbursal of Funds* ("*Motion to Intervene*"). (Docket No. 40).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of May 2021.

S/RAÚL M. ARIAS-MARXUACH<br>United States District Judge