IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MCDP PHOENIX SERVICE PTE. LTD.,

**Plaintiff**

v.                                              **CIVIL NO.** 20-1538(RAM)

FIRST FINANCIAL INTERNATIONAL
BANK INC.,

**Defendant**

## OPINION AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is putative intervenor B High House International, PTE, Ltd.'s ("BHHI") *Motion for Relief Under Rule 60 (b)(1) and (2)* ("*Rule 60(b) Motion*"). (Docket No. 103). After reviewing the parties' submissions, the Court **DENIES** the *Rule 60(b) Motion* for reasons set forth below. Given that BHHI is no longer a party to the case at bar, the Court hereby also **DENIES** its *Expedited Motion to Unseal Pleading (Dkt. No. 39) Or In The Alternative For Access* ("*Expedited Motion*"). (Docket No. 114).

### I. PROCEDURAL BACKGROUND

On October 8, 2020, MCDP Phoenix Services PTE, LTD ("MCDP") filed suit (the "*Complaint*") against Defendant First Finance International Bank ("FFIB"), among other defendants. (Docket No.

---

[1] Natasha Ramos-Ayala, a rising third-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

1). The *Complaint* avers FFIB froze money in MCDP's account without prior written notice and seeks to recover damages. Id. at 5-6, 8.

On January 8, 2021, BHHI filed a *Motion to Intervene* seeking to join the fray as plaintiff-intervenor in the action between MCDP and FFIB. (Docket No. 40 at 2 and 19). Having reviewed BHHI's and MCDP's briefing, the Court entered an Opinion and Order **denying** BHHI's petition on May 17, 2021. (Docket Nos. 51, 60 and 69). The Court denied intervention because: (1) it lacked diversity and alienage jurisdiction over a civil action between BHHI and MCDP given that both are citizens of Singapore and therefore aliens; (2) it lacked supplemental jurisdiction over BHHI's claims as BHHI's interests were averse to MCDP's interests and not to FFIB's; and (3) BHHI failed to show it was a necessary but dispensable party and that its interest in the funds arose *after* the suit was commenced. (Docket No. 69 at 9-12). BHHI failed to appeal.

On July 22, 2021, BHHI filed a *Rule 60(b) Motion* requesting reconsideration of the denial of intervention under Fed. R. Civ. P. Rule 60 (B)(1), and (2) ("Rule 60(b)").[2] (Docket Nos. 103 and

---

[2] In its relevant part, Fed. R. Civ. P. 60(b) states:

> On motion and just terms**, the court may relieve a party or its legal representative** from a final judgment, order, or proceeding for the following reasons:
>
> (1): for mistake, inadvertence, surprise or excusable neglect[.]
>
> (2): newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]

105). BHHI argues the Court should reconsider the denial of intervention because it "has the right to intervene in the action" or "in the alternative, BHHI submits that this Court should exercise its discretion and permit its intervention." Id. at 28.

On August 5, 2021, MCDP filed a *Ne Recipiatur Motion* contending the *Rule 60(b) Motion* was "untimely, and duplicative" after the Court's previous denial of intervention. (Docket No. 121 at 1). MCDP argues BHHI "is not and has never been a party in this case." Id. On August 20, 2021, BHHI filed a reply averring the *Rule 60(b) Motion* was timely and that it could not have obtained new evidence, which it attaches to its reply, regarding one of MCDP's processing agents and which allegedly shows the funds at FFBI belong to BHHI sooner. (Docket No. 132, 134, 143 and 145). On August 27, 2021, MCDP filed a sur reply stating that BHHI's reply simply reiterates its *Rule 60(b) Motion*'s arguments and that exhibits proffered by BHHI fail to establish a sufficient link showing the funds received by FFIB from MCDP belong to BHHI to warrant BHHI's intervention. (Docket No. 138). On August 31, 2021, BHHI filed a request to file a sur-sur reply, but it was denied by this Court. (Docket Nos. 141 and 142). The Court agrees with MCDP.

## II. DISCUSSION

According to the United States Supreme Court, "an order prevent[ing] a putative intervenor from becoming a party in *any* respect, [is an] order [] subject to immediate review."

Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377 (1987) (citing Railroad Trainmen v. Baltimore & Ohio R. Co., 331 U.S. 519, 524-525 (1947)) (emphasis in original). The First Circuit echoed this stating "[an] order flatly denying a motion to intervene in a judicial proceeding is an immediately appealable collateral order." Rhode Island v. U.S. E.P.A., 378 F.3d 19, 26 (1st Cir. 2004). Further, United States Courts of Appeals have explained that "the denial [of intervention as of right] must be appealed on interlocutory basis since denial of intervention 'terminates' applicant's participation in litigation and bars applicant from appealing later judgment." United States v. City of Oakland, 958 F.2d 300, 302 (9th Cir. 1992) (citing Stringfellow, 480 U.S. at 377-378 (1987)); *see also* Bridges v. Dep't of Maryland State Police, 441 F.3d 197, 207 (4th Cir. 2006) ("[H]ad the would-be plaintiffs filed a motion to intervene under Rule 24(b) [. . .], the denial of their motion would be treated as a final judgment that is appealable.") (citing Stringfellow, 480 U.S. at 377 and 7C Wright, Miller & Kane, *Federal Practice & Procedure* § 1923 (2005 Supp.)).

The May 17, 2021 Order denying BHHI's request to intervene was immediately appealable to the United States Court of Appeals for the First Circuit within **thirty (30) days**. *See* Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 703 (1st Cir. 1996) (holding that an appeal of a denial of intervention "**cannot be**

**kept in reserve; it must be taken within thirty days of the entry of the order, or not at all**." (citing B.H. by Pierce v. Murphy, 984 F.2d 196, 199 (7th Cir. 1993)) (emphasis added); *see also* In re Efron, 746 F.3d 30, 34 (1st Cir. 2014) ("[T]he courts of appeals have jurisdiction, on an interlocutory basis, to review the denial of motions to intervene as of right."); Pub. Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998). **Here, BHHI failed to appeal within this timeframe.**

Furthermore, the District Court for the District of Puerto Rico has previously denied Rule 60(b) motions for lack of standing. For example, in Local 1575, Intern. Longshoremen Ass'n AFL-CIO v. NPR, Inc., the District Court held that petitioners "**lack the necessary standing in order to invoke relief from judgment [pursuant to Rule 60(b)] . . . [because they] are neither a party nor legal representatives in this case.**" Local 1575, Intern. Longshoremen Ass'n AFL-CIO v. NPR, Inc., 217 F.R.D. 99, 102 (D.P.R. 2003) (emphasis added). Similarly, BHHI is not a party in this action and cannot seek relief under Rule 60(b). *See* Ericsson Inc. v. InterDigital Commc'ns Corp., 418 F.3d 1217, 1224 (Fed. Cir. 2005) (reversing lower court's decision to permit a party's intervention and holding that "[w]ithout intervention, there is no proper party with standing to be afforded relief under Rule 60(b)"); Alternative Research and Development Foundation v. Veneman, 262 F.3d 406, 411 (D.C. Cir. 2001) (holding that the

"[putative intervenor] is not a party to the action and lacks standing to appeal from either the stipulation of dismissal or the order denying its Rule 60(b) motion" challenging the dismissal). Other District Courts have issued similar rulings. *See e.g.*, TD Ameritrade, Inc. v. Kelley, 2021 WL 918621, at *4 (S.D.N.Y. 2021) ("[A] third party denied permission to intervene may not bring a Rule 60(b) motion, because [it] is neither a party nor its legal representative."); Finch v. Covil Corp., 2020 WL 6063054, at *6 (M.D.N.C. 2020) (finding that because plaintiff's insurer's Rule 24 motion was denied for untimeliness, the insurer's subsequent Rule 60 motion should also be denied because it was not a party).

Moreover, the record does not evince exceptional circumstances warranting a finding that BHHI has a right to request reconsideration pursuant to Fed. R. Civ. P. 60(b). *See* Irvin v. Harris, 944 F.3d 63, 69 (2d Cir. 2019) (holding that non-parties have a right to bring Rule 60(b) motions under certain exceptional circumstances); *see also* Bridgeport Music, Inc. v. Smith, 714 F.3d 932, 940 (6th Cir. 2013) (noting that "[t]he general rule is that one must either be a party or a party's legal representative in order to have standing to bring any Rule 60(b) motion" but collecting cases where exceptions have been made); State Farm Fire & Cas. Co. v. Spector, 2016 WL 8668295, at *8 (E.D. Pa. 2016) (denying a nonparty's Rule 60(b) motion because "[h]is assertions that his recovery in the underlying tort litigation will be