IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MCDP PHOENIX SERVICE PTE. LTD.,

**Plaintiff**

v.

FIRST FINANCIAL INTERNATIONAL
BANK INC.,

**Defendant**

**CIVIL NO.** 20-1538(RAM)

MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is putative intervenor B High House International, PTE, Ltd.'s ("BHHI") *Motion for Stay of Disbursement of Funds Pending Appeal* ("*Motion for Stay*"). (Docket No. 149). Plaintiff MCDP Phoenix Services PTE LTD. ("MCDP") subsequently filed a *Motion Ne Recipiatur* (Docket No. 152). BHHI then filed a *Reply To Opposition To Motion To Stay Disbursement Of FFIB Funds Pending Appeal (Dkt. 152)* (Docket No. 157). After reviewing the parties' submissions, the Court **DENIES** the *Motion to Stay* for reasons set below.

Federal Rule of Appellate Procedure 8 provides that "[a] party must ordinarily move first in the district court for ... a stay of the judgment or order of a district court pending appeal." Fed.R.App.P. 8(a)(1)(A). A stay "is not a matter of right, even if irreparable injury might otherwise result." Valentin Marrero v.

Puerto Rico, 2021 WL 219195, at *1 (D.P.R. 2021) (quoting Nken v. Holder, 556 U.S. 418, 433 (2009)). The Court's analysis of a stay pending appeal is governed by whether: (1) "the stay applicant has made a strong showing that it is likely to succeed on the merits", (2) "the applicant will be irreparably harmed absent a stay," (3) "the issuance of a stay will substantially injure the other parties interested in the proceeding," and (4) "where the public interest lies." United States v. Negron-Cruz, 2021 WL 2315148, at *2 (D.P.R. 2021) (quoting Common Cause Rhode Island v. Gorbea, 970 F.3d 11, 14 (1st Cir. 2020)). The Supreme Court considers that the first two factors "are the most critical" and are not easily met. Valentin Marrero, 2021 WL 219195, at *1 (quoting Nken, 556 U.S. at 434). Therefore, **"[i]t is not enough that the chance of success on the merits be better than negligible. ... By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor."** Id. (quotation omitted).

Here, the Court allowed BHHI and MCDP ample opportunity to brief the merits of the intervention requested at Docket No. 40. Considering that a likelihood to success on the merits is one of the lynchpins of a stay pending appeal, the Court finds that Defendant BHHI has failed to surpass this hurdle. The Court determined in its May 17, 2021 Opinion and Order that this Court lacks jurisdiction over BHHI's claims. (Docket No. 69). Moreover, BHHI has failed to aver in either its M*otion For Relief Under Rule*

*60(B)(1) And (2) And The Inherent Powers Of The Court*, which this Court already denied, or its pending *Motion to Stay* that the Court *has* jurisdiction over its claims. (Docket Nos. 103, 132, 147 and 149). Thus, BHHI lacks a likelihood of success on the merits regarding whether it may intervene in this case and whether the Court wrongly denied its reconsideration at Docket No. 103. Because BHHI has failed to surpass one of the most critical factors regarding whether a stay is appropriate, the Court need not consider the remaining factors relevant to a stay. **The Court finds that a stay of the disbursement of funds is not appropriate.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of September 2021.

S/ RAÚL M. ARIAS-MARXUACH<br>United States District Judge