```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| MCDP PHOENIX SERVICES PTE. LTD. <br><br> Plaintiff <br><br> v. <br><br> FIRST FINANCIAL INTERNATIONAL BANK INC., ET AL. <br><br> Defendants | CIVIL NO. 20-1538(RAM) |

**OPINION AND ORDER**

Pending before the Court is Plaintiff MCDP Phoenix Services PTE. LTD's ("Plaintiff" or "MCDP") *Response to Motion for Compliance (Docket No. 74) And Motion: (1) To Bifurcate Case Into Separate Determinations Of Liability And Damages; (2) For Judgment On The Pleadings As To Defendant's Liability To Plaintiff; (3) For An Order Requiring Defendant To Complete The "Deposit"; (4) For Prompt Disbursement Of Funds On Deposit With The Clerk Of The Court; (5) For Sanctions Pursuant To Applicable Law; And (6) To Extend The Deadlines In The Rule 16 Scheduling Order* ("Omnibus Motion"). (Docket No. 77). Defendant First Finance International Bank ("Defendant" or "FFIB") subsequently filed an *Opposition to MCDP'S Omnibus Motion at Docket No. 77* ("*Opposition*"). (Docket No. 98). For reasons set below, the Court **DENIES** the pending *Omnibus Motion*.

## I. BACKGROUND

On October 8, 2020, MCDP filed suit against FFIB and other defendants ("*Complaint*"). (Docket No. 1). It averred FFIB froze money in MCDP's account without prior written notice. Id. at 6. The freeze affected inbound and outbound wire transfers to several of MCDP's clients and receiving entities. Id. at 5-6. Thus, MCDP had to pay out of pocket to honor its commitments with them. Id. at 6. The *Complaint* alleges the following causes of action against FFIB: (1) breach of contractual and fiduciary obligations; (2) negligence under article 1802 of the Puerto Rico Civil Code; (3) pre-judgment attachment pursuant to Fed. R. Civ. P. 64(B); and (4) costs and attorney's fees due to FFIB's temerity. Id. at 8-12. On November 20, 2020, FFIB answered the *Complaint*. (Docket No. 20).

On June 11, 2021, MCDP filed the pending *Omnibus Motion*. (Docket No. 77). MCDP requested that the Court: (1) bifurcate the case into separate actions for liability and damages; (2) enter judgment of liability against FFIB on the pleadings; (3) issue an order instructing FFIB to deposit $12,409.25 with the Clerk of the Court; (4) direct the Clerk to disburse $608,058.34 and the $12,409.25 to MCDP; (5) impose sanctions on FFIB by striking its affirmative defenses; (6) impose sanctions on FFIB, B High House International, PTE, LTD.'s ("BHHI"), and their counsel by ordering them to pay MCDP's attorneys' fees regarding the return of the funds and in defending itself against BHHI's intervention effort;

and (7) affirm the Fed. R. Civ. P. 16 Scheduling Order but limiting it to matters of damages and postponing its deadlines by thirty (30) days after the Court rules on the pending *Omnibus Motion*. Id.[1]

On July 15, 2021, FFIB filed its *Opposition*. (Docket No. 98). It argues MCDP's request for judgment as to liability is improper because Fed. R. Civ. P. 12(c) does not permit judgment on part of a claim. Id. at 4. As to sanctions under Fed. R. Civ. P. 37(a), FFIB alleges they are improper because it did not refuse to meet with MCDP; allegedly it was MCDP who refused to meet with the attorneys of record, including counsel for then proposed intervenor BHHI. Id. at 7. Likewise, sanctions under 28 U.S.C. § 1927 are uncalled for because MCDP did not explain how FFIB "multipl[ied] the proceedings" as required by this Section. Id. at 8-9. Lastly, FFIB alleges MCPD failed to properly develop any of its remaining requests, thus they should be denied. Id. at 11.

## II. DISCUSSION

A. Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) Solely as to Liability is Improper

Under Fed. R. Civ. P. 12(c), a party may move for judgment "[a]fter the pleadings are closed — but early enough not to delay trial." This motion "bears a strong family resemblance to" a Fed.

---

[1] The Court will not address the *Motion*'s allegations brought forth against BHHI or its counsel because BHHI is not currently a party before this Court.

R. Civ. P. 12(b)(6) motion to dismiss, thus they "are treated in much the same way." Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018) (citation omitted). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Ojeda-Resto v. Blankenship, 2018 WL 4657191, at *2 (D.P.R. 2018) (quotation omitted). Second, it "take[s] the complaint's well-pled (i.e., nonconclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Id. "[T]here is no resolution of contested facts" and judgment is apt "only if the properly considered facts conclusively establish the movant's point." Ortiz-Vazquez v. Aon Risk Servs. of Puerto Rico, Inc., 2021 WL 2221591, at *1 (D.P.R. 2021) (quotation omitted). Dismissal is proper "if it appears that the nonmovant could prove no set of facts that would entitle" them to relief. Díaz-Nieves v. United States, 858 F.3d 678, 689 (1st Cir. 2017) (citation omitted).

MCPD's *Omnibus Motion* requests this Court enter judgment on the pleadings of liability in its favor. (Docket No. 77 at 6). It avers there can be no valid argument that FFIB has alleged a tenable defense to the *Complaint*'s allegations that FFIB improperly and illegally withheld MCDP's Deposit and the undeposited balance of the funds. Id. at 8. It also accuses FFIB of "false representations" as to its "justifications for

Case 3:20-cv-01538-RAM   Document 172   Filed 10/26/21   Page 5 of 15

Civil No. 20-1538(RAM)                                                    5

withholding the deposit." Id. Thus, it claims the Court should enter judgment as to: (1) FFIB's liability vis-à-vis the *Complaint*'s claims, and (2) Plaintiff's entitlement to the funds currently with the Court and any funds withheld by FFIB. Id. at 9.

FFIB's *Opposition* posits the request should be denied because Fed. R. Civ. P. 12(c) does not permit judgment on the pleadings on part of a claim. (Docket No. 98 at 4). Alternatively, it avers MCDP fails to suitably argue why judgment as to liability is proper. Id. at 5-6. This, for example, considering the *Complaint* alleges a breach of contract claim, but the *Omnibus Motion* does not refer to a contract between MCDP and FFIB or how FFIB breached its terms. Id. It also argues MCDP fails to state the elements of a negligence claim under local law or how they are met here. Id. at 6. Finally, it asserts MCDP's claim about "false representations" raises a "contested fact" not subject to judgment on the pleadings. Id.

A leading treatise on federal procedure explains that "many federal courts have entertained a motion for partial judgment on the pleadings with respect to individual claims." 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1369 (3d ed. 2021). However, courts have been reluctant to grant a judgment on the pleadings for *part* of a claim because Fed. R. Civ. P. 12(c) does not expressly allow it. *See e.g.*, Kenall Mfg. Co. v. Cooper Lighting, LLC, 354 F. Supp. 3d 877, 893-97 (N.D.

Ill. 2018) (denying a partial judgment request for liability but not damages on breach of contract and patent infringement claims because Fed. R. Civ. P. 12(c) "does not explicitly authorize courts to carve up claims or defenses on a motion for judgment on the pleadings.") Conversely, Fed. R. Civ. P. 56 allows parties to move for summary judgment on part of a claim or defense. *See* Fed. R. Civ. P. 56(a). Moreover, the fact that Fed. R. Civ. P. 56(a) authorizes judgment on part of a claim while Fed. R. Civ. P. 12(c) does not, **"counsels strongly against reading Rule 12(c) to implicitly permit such judgments."** Munro v. Fairchild Tropical Botanic Garden, Inc., 2021 WL 894380, at *2 (S.D. Fla. 2021) (quotation omitted).

The Court is unmoved by MCDP's request for judgment on the pleadings as to liability. Therefore, it "aligns itself with those courts that have found judgment on the pleadings on something less than an entire cause of action to be inappropriate." Bolender v. Carnival Corp., 2014 WL 12527190, at *1 (S.D. Fla. 2014) (citation omitted); *see also* Living on the Edge, LLC v. Lee, 2015 WL 12661917, at *4 (C.D. Cal. 2015) (denying a partial judgment motion because a party "cannot move for judgment on the pleadings with respect to less than a full cause of action"). Here, as in Kenall Mfg. Co., MCDP cannot use a Fed. R. Civ. P. 12(c) motion to obtain judgment solely on liability. *See* Kenall Mfg. Co., 354 F. Supp. at 896; *see also* Munro, 2021 WL 894380, at *2 (holding that partial

judgment as to an element of defendants' (here plaintiff's) claim – remedies – would be inappropriate because it would not "dispose of any single claim.").

The Court also rejects MCDP's request for partial judgment because MCDP did not properly sustain its request. Rather, it proffered conclusory assertions lacking any detailed discussion about the facts of the case or the merits of the *Complaint* and its causes of actions. **This does not meet the Fed. R. Civ. P. 12(c) standard.** Under this standard, when the complaint's "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'—'that the pleader is entitled to relief.'" Ojeda-Resto, 2019 WL 4657191, at *2 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). So far, MCDP has only "shown" FFIB *possibly* engaged in misconduct. The request for judgment on the pleadings is **DENIED**.

B. Sanctions Under Fed. R. Civ. P. 37(a) are Improper

Under Fed. R Civ. P. 37(a), a party seeking discovery may move the Court for an order to compel discovery from another party. *See* Especias Montero, Inc. v. Best Seasonings Group, Inc., 2021 WL 3609663, at *2 (D.P.R. 2021) (citing Fed. R. Civ. P. 37(a)). Local Rule 26(b) and Fed. R. Civ. P. 37(a)(1) require that, before filing a motion to compel, the moving party must certify it "made a reasonable and good-faith effort to [try and solve the discovery

dispute] with opposing counsel" without resorting to the court's intervention. <u>Dora L. Bonner, v. Triple-S Management Corporation & Triple-S Vida, Inc.</u>, 2021 WL 4295766, at *4 (D.P.R. 2021) (citation omitted) (modification in original). "**An attempt to confer will not suffice**." L. CV. R. 26(b) (emphasis added). Finally, Fed. R. Civ. P. 37(a) and Local Rule 26(b)'s requirements that parties exhaust good faith efforts to solve discovery disputes among themselves seeks to conserve the parties' and judicial resources. *See* Fed. R. Civ. P. 1 (explaining that civil procedure rules "should be construed" and "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action.").

MCDP's *Omnibus Motion* requests the imposition of Fed. R. Civ. P. 37(a) sanctions against FFIB. (Docket No. 77 at 9-16). It argues FFIB refused to meet and confer to exchange initial disclosures because of BHHI's then pending *Motion to Intervene*. <u>Id.</u> at 9. It also avers sanctions are warranted because more than five (5) months have elapsed since MCDP invited FFIB to meet per Fed. R. Civ. P. 26(f) and FFIB had yet to provide a date to meet. <u>Id.</u> at 9-10.

FFIB's *Opposition* contends it did not refuse to meet with MCDP. (Docket No. 98 at 7). Instead, as per its responses to MCDP's *Motion to Compel* at Docket No. 49, FFIB only requested that BHHI's counsel also be at the Fed. R. Civ. P. 26(f) meeting. (Docket Nos.

54; 63 and 98 at 7-8). This because Fed. R. Civ. P. 26(f) states that "attorneys of record . . . that have appeared in the case are jointly responsible for arranging the conference" and FFIB asserts that BHHI's counsel was an "attorney of record" due to its then pending request for intervention. (Docket Nos. 54 at 3; 63 at 2; 98 at 7).² But MCDP refused to meet with FFIB if BHHI's counsel attended the meeting. (Docket No. 98 at 7). Lastly, it avers MCDP's claim that FFIB has not provided it with initial disclosures should be dismissed because, per Fed. R. Civ. P. 26(f)(2), FFIB has fourteen (14) days *after* the initial conference to provide such disclosures. Id. at 8. Since the meeting took place on July 12, 2021 a request for sanctions was premature. Id.

The Court agrees with FFIB. MCDP's *Omnibus Motion* only includes a general objection to the delay allegedly caused by FFIB's insistence that BHHI also be at the Fed. R. Civ. P. 26(f) meeting. As FFIB points out, MCDP has never refuted FFIB's argument that BHHI was an attorney of record. (Docket No. 98 at 7). As a result, any delays to the initial Fed. R. Civ. P. 26(f) meeting stem from MCDP's repeated assertion that BHHI should *not* be present, not because of any actions by FFIB where it refused to meet and confer. Hence, Fed. R. Civ. P. 37 sanctions against FFIB, for requesting MCDP comply with the text of Fed. R. Civ. P. 26(f),

---

² Whether BHHI's counsel should be at the Fed. R. Civ. P. 26 meeting is moot as the Court has since denied BHHI's request for intervention. (Docket Nos. 69 and 147).

are improper. *See* Triangle Cayman Asset Co. 2 v. Empresas Omajede, Inc., 2020 WL 4275598, at *2 (D.P.R. 2020) (denying dismissal request as a sanction for failure to comply with discovery because "defendant [here Plaintiff] asks the court to go fishing in search for [defendant's] purported lack of cooperation or unresponsiveness. The court will not babysit this process.")

Moreover, MCDP failed to comply with Fed. R. Civ. P. 37(a) which requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). The Court reviewed the discovery related e-mails at Docket Nos. 49-1 through 49-5. While they state objections to MCDP's deposition requests, available dates for when an initial conference between FFIB and MCDP could take place, refer to a call between FFIB and MCDP, and include a back and forth between the parties as to whether BHHI's counsel should be at the Fed. R. Civ. P. 26 meeting, they evince no effort by MCDP to reach an agreement. *See* Dachman v. Maestre Grau, 2019 WL 10892080, at *1 (D.P.R. 2019); *cf.* Rosado v. Fondo del Seguro del Estado, 2011 WL 13209574 (D.P.R. 2011) (finding that defendant demonstrated an attempt to solve discovery disputes by communicating with plaintiff by phone, in person and e-mail).

Pursuant to Local Rule 26(b), only once these good-faith efforts have been exhausted, may a party file a motion to compel

discovery. *See* L. CV. R. 26(b); *see also* Velazquez-Perez v. Devs. Diversified Realty Corp., 272 F.R.D. 310, 312 (D.P.R. 2011) (denying a motion to compel because "[t]he only thing that can be drawn from these [e-mails and letters] is plaintiff's unwillingness to solve the dispute by threatening the defendant with filing a motion to compel.") Here, as in Velazquez Perez, it is evident that FFIB was willing to meet with MCDP to resolve the discovery dispute, but MCDP never acquiesced to that simple request. *See* id. As to MCDP's request for Fed. R. Civ. P. 37(a) sanctions because FFIB had not filed it disclosures, the Court finds this request is not ripe because when MCDP filed the pending *Omnibus Motion*, the Fed. R. Civ. P. 26(f) meeting had not yet taken place. FFIB was therefore still not subject to the 14—day window to file initial disclosures. The request for sanctions per Fed. R. Civ. P. 37 is **DENIED**.

   C. Sanctions Under 28 U.S.C. § 1927 are Improper

Pursuant to 28 U.S.C. § 1927, a court may sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously by requiring" them to pay "reasonable attorneys' fees." Diaz v. Popular Sec., LLC, 2021 WL 1391443, at *7 (D.P.R. 2021) (quotation omitted). To be considered vexatious, an attorney's conduct must be "more severe than mere negligence, inadvertence, or incompetence." Micheo-Acevedo v. Stericycle of Puerto Rico, Inc., 2020 WL 1126168, at *6 (D.P.R. 2020) (quotation

omitted). Vexatious litigation also encompasses duplicative motions filed by a party or repeated denials to comply with court orders. *See* Álvarez Mauras v. Banco Popular de Puerto Rico, 2019 WL 3310078, at *2 (D.P.R. 2019) (quotation omitted). Likewise, it includes harassing or annoying behavior, even if it was not intended to be so. *See* J. Walter Thompson Puerto Rico, Inc. v. Latin Am. Music Co., Inc., 355 F. Supp. 3d 110, 115 (D.P.R. 2019). While the Court need not make a finding of "bad faith" before imposing sanctions under 28 U.S.C. § 1927, it must find the attorney's actions show a "studied disregard of the need for an orderly judicial process or add up to a reckless breach of the lawyer's obligations as an officer of the court[.]" Id. (quotation omitted).

MCDP's *Omnibus Motion* claims sanctions under 28 U.S.C. § 1927 are proper because FFIB engaged in a "studied disregard" of an orderly judicial process and which amount to a reckless breach by its counsel and that of BHHI's as officers of the Court. (Docket No. 77 at 2). It posits that this conduct has been harassing and annoying to MCDP. Id. It also avers "the failed Intervention Effort [of BHHI] was the product of bad faith" by BHHI and FFIB and that FFIB "induced" BHHI into filing its intervention. Id. at 12-13. As a result, they "promoted needless litigation" and should pay court costs, MCDP's costs, and attorney's fees MCDP incurred to prosecute this case and defend against the intervention effort. Id. at 14.

Conversely, FFIB asserts MCDP did not support its argument that sanctions under 28 U.S.C. § 1927 are warranted. (Docket No. 98 at 8). It avers MCDP fails to explain how FFIB "multiplied the proceedings" when this case is the sole case between the parties. Id. It also alleges that because MCDP only supported its claim that FFIB induced BHHI's intervention with conclusory allegations, sanctions are improper. Id. at 9. This because "MCDP's attempt to have FFIB or its counsel sanctioned for the intervention complaint prepared and filed by another party is truly absurd." Id.

The Court agrees with FFIB. There is no evidence on the record that FFIB's counsel's actions show the requisite "studied disregard" or are "a reckless breach of the lawyer's obligations" as an officer of the court. J. Walter Thompson Puerto Rico, Inc. 355 F. Supp. 3d at 115. For example, in Banco Popular de Puerto Rico v. Ramirez, the Court held that sanctions pursuant to 28 U.S.C. § 1927 were proper because the defendant filed a motion for stay, which was subsequently denied, they improperly removed their action without merit and their notice of removal and opposition to remand "advanced no clear argument as to why the state court order denying the motion for stay allowed them to ascertain that the case became removable." Banco Popular de Puerto Rico v. Ramirez, 280 F. Supp. 3d 316, 321 (D.P.R. 2017). Thus, the Court held that said procedural history "insinuates an attempt to delay an unavoidable outcome through legal shenanigans." Id. MCDP failed to

evince a similar procedural history here. Nor has it proffered any evidence to sustain its assertion that FFIB "induced" BHHI to file its request for intervention. The request for sanctions per 28 U.S.C. § 1927 is **DENIED**.

D. Other Requests as Part of MCDP's *Omnibus Motion* are also Improper

The Court also agrees with FFIB that MCDP fails to develop any of its *Omnibus Motion*'s remaining arguments, hence, they are **DENIED**. (Docket No. 98 at 11-12). Plaintiff had also requested: (1) bifurcation of the case into separate actions for liability and damages; (2) that FFIB deposit the sum of $12,409.25, *i.e.* the foreign transaction fee charged to FFIB to convert the Mexican pesos to United States dollars, with the Clerk of the Court; (3) that the Clerk then disburse the sum of $608,054.34 and the sum of $12,409.25 to Plaintiff; and (4) that the Court extend the dates in the scheduling order by thirty (30) days and limit the schedule to Plaintiff's damages. (Docket No. 77 at 6). However, these allegations are waived for lack of developed argumentation. *See* Osuji, et al. v. Departamento De La Familia, et al., 2021 WL 4438085, at *9 (D.P.R. 2021) (citing L. CV. R. 7(a)); *see also* United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.")

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the *Omnibus Motion* at Docket No. 77. The parties are given fourteen (14) days to exchange initial disclosures and certify compliance with this Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of October 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge